## PHILLIPS *vs.* SCHOOLEY.

The complainant sought a decree against the holder of a bond and mortgage by assignment from the legal owner thereof, awarding them to him, on the ground of his equitable ownership of them. Demurrer to bill allowed, it not appearing thereby how complainant became entitled to the bond and mortgage, and there being no allegation that he was entitled to them at all, and it not appearing that he had not received the full benefit of the consideration of the assignment, and the allegations of fraud being general, and on information and belief merely.

Bill for relief and general demurrer.

*Mr. G. A. Anderson,* for demurrant.

*Mr. I. W. Lanning,* for complainant.

THE CHANCELLOR.

The complainant seeks a decree awarding to him, from the defendant, a bond and mortgage of which he claims to be the equitable owner. The defendant is the holder of them by assignment from the legal owner thereof. The bill alleges that they were the property of the estate of Aaron Phillips, deceased, and were held accordingly by his administrators, Alfred W. Smith and Catherine E. Phillips, widow of the intestate, (she was the complainant's mother, and is now dead,) " as of the money and property of the estate of said deceased, or of the surplusage thereof in their hands for distribution ;" that while they so held them, the complainant's mother (he being then a minor) took out letters of guardianship of his person and estate ; that soon afterwards, Smith assigned his interest in the bond and mortgage to her, as guardian of the complainant, and that they were received by her as such guardian, to hold them as the property of the complainant, for his use and benefit, and that they were so held by her

until they were assigned by her, as such guardian, to one Hartman, by whom they were assigned to William R. Schooley, who assigned them to the defendant. The bill further states that the complainant "is informed and believes" that the assignment from his mother to Hartman was procured by the latter "by means of false and fraudulent representations by him, made to her, by means whereof he procured the assignment from her in the way of payment or exchange for the so-called territorial right or privilege and liberty of making, constructing, using and vending a certain alleged patented improvement in dumping-wagons and extension trough therefor, in the State of Rhode Island, which so-called right and privilege were assigned, or pretended to be, to her by the said Hartman, and were taken and received by her in her personal capacity solely."

The legal title to the bond and mortgage is in the defendant. The complainant's statement of his equitable title to it is defective. The bill states that his mother's co-administrator assigned the interest of the latter in these securities to her, as guardian of the complainant, and that she received and held them as the complainant's property. It does not appear that the complainant was entitled to them for or on account of his distributive share of his father's estate, nor, indeed, that there was any surplus to be distributed. His mother, at the time of the assignment by her, held the legal title to them, as far as appears, in trust for the estate. How he became entitled to them, does not appear, and, indeed, the bill does not allege that he was entitled to them at all. It merely states, as before mentioned, that she received them as his guardian, to hold them as his property, for his use and benefit, and that they were so held by her until she assigned them. The statements of the bill in relation to the consideration of the assignment, are upon information and belief merely. What the fraud alleged was, does not appear, nor does it appear that the complainant, notwithstanding the fact that the assignment from Hartman to his mother was, as is

alleged, to her individually, and not as guardian, did not receive the benefit of it. Nor does it appear what has become of the right. He does not offer to re-assign it.

.The demurrer will be allowed, with costs.